UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRY PADGETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:  1:20-cv-233 |
| | ) |
| NORFOLK SOUTHERN | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## I.  COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Terry Padgett (hereafter "Padgett"), brings this action against Defendant, Norfolk Southern Corporation (hereafter "Defendant"), pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq*.

## II.  PARTIES

2. At all times relevant to this action, Padgett resided within the Northern District of Indiana.

3. At all times relevant to this action, Defendant maintained offices and conducted business within the Northern District of Indiana.

## III.  JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 12117.

5. At all times relevant to this action, Padgett was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

6. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

7. Padgett is a qualified individual with a disability, has a record of a disability, and/or is perceived and/or regarded as disabled, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8).

8. Padgett suffers from a ruptured disc and degenerative back disorders. Padgett's disability substantially effects his day to day life activities.

9. Padgett satisfied his obligation to exhaust his administrative remedies, having timely filed with the U.S. Equal Employment Opportunity Commission against Defendant, alleging discrimination based on his disability, his record of disability and/or Defendant's perception of Padgett as disabled and/or in retaliation for engagement in protected activity. Padgett received his Right to Sue and now timely files the instant lawsuit prior to the expiration of the ninety (90) day window to file.

10. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Northern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### IV.  FACTUAL ALLEGATIONS

11. Padgett began his employment with Defendant in 2003

12. At all times relevant, Padgett met or exceeded Respondent's legitimate employment expectations. Padgett's original position was conductor but from 2009 until his termination Padgett's position was Engineer.

13. In 2011, Padgett injured his back while on the job. Padgett's injury resulted in long term physical disabilities related to his back.

14. At all times relevant to this compliant, Padgett's supervisor was Damien Wilson ("Wilson"). Wilson harassed Padgett on the basis of his disability in the form of unwelcome comments related to Padgett's condition and in the terms and conditions of his employment. By way of non-exclusive example, Wilson provided more favorable scheduling to similarly situated non-disabled employees.

15. Following his injury, Padgett requested reasonable accommodations including, but not limited to, missing time for doctor's appointments.

16. Wilson and Defendant retaliated against Padgett for making these requests in the form of unwarranted discipline.

17. Padgett complained to Defendant regarding Wilson's harassment and retaliation. Padgett's complaint constituted statutorily protected activity.

18. Prior to his termination, Padgett was given no warning or other progressive discipline.

19. Defendant applied its attendance policy to Padgett in a discriminatory manner.

20. In August, 2018, Defendant terminated Padgett. Defendant terminated Padgett because of his disability and because he had engaged in statutorily protected activity.

21. Any other reason given by the Defendant for its actions is pretext.

22. Padgett has suffered harm as a result of Defendant's unlawful actions.

### V. CAUSES OF ACTION

#### COUNT ONE: VIOLATIONS OF THE ADA - DISCRIMINATION

23. Padgett hereby incorporates paragraphs one (1) through twenty-two (22) of his Complaint.

3

24. Defendant violated Padgett's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. by transferring and terminating Padgett because of his disability.

25. Defendant's actions were intentional, willful and in reckless disregard of Padgett's rights as protected by the ADA.

26. Padgett has suffered damages as a result of Defendant's unlawful actions.

### COUNT TWO: VIOLATIONS OF THE ADA - RETALIATION

27. Padgett hereby incorporates paragraphs one (1) through twenty-six (26) of his Complaint.

28. Defendant transferred and terminated Padgett in retaliation for his engagement in the statutorily protected activity of requesting medical leave related to his disability.

29. Defendant's unlawful actions were intentional, wilful, and done in reckless disregard of Padgett's rights as protected by the ADA.

30. Padgett has suffered harm as a result of Defendant's unlawful acts.

### REQUESTED RELIEF

WHEREFORE, Plaintiff Terry Padgett respectfully requests that this Court enter judgment in his favor as follows:

1. Find and hold that Padgett has suffered from Defendant's act of unlawful discrimination and retaliation and issue a declaratory judgment that Defendant's acts violated the Americans With Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.,* and/or;

2. Permanently enjoin Defendant, its officers, agents, employees and attorneys acting in concert with them from engaging in any employment policy or practice that

discriminates against any person for exercising his or her statutorily protected rights, and/or;

3. Order Defendant to pay Padgett all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions, and/or;

4. Order Defendant to reinstate and/or hire Padgett or pay Padgett front pay in lieu thereof, and/or;

5. Order Defendant to pay liquidated damages to Padgett ;

6. Order Defendant to pay compensatory and/or punitive damages to Padgett , and/or;

7. Order Defendant to pay to Padgett all costs and attorney's fees incurred as a result of him bringing this action, and/or;

8. Order Defendant to pay to Padgett pre- and post-judgment interest on all sums recoverable, and/or;

9. Award all other relief that is just and proper.

Respectfully submitted,

John H. Haskin (7576-49)
Keenan D. Wilson (32195-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:  (317) 955-9500
Facsimile:  (317) 955-2570
E-Mail:  jhaskin@jhaskinlaw.com
E-Mail:  kwilson@jhaskinlaw.com
Attorney for Plaintiff, Terry Padgett

5

## **DEMAND FOR JURY TRIAL**

Plaintiff, Terry Padgett , by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

John H. Haskin (7576-49)
Keenan D. Wilson (32195-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:    (317) 955-2570
E-Mail:         jhaskin@jhaskinlaw.com
E-Mail:kwilson@jhaskinlaw.com
Attorney for Plaintiff, Terry Padgett