UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRY PADGETT,                                   )<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>　　Plaintiff,　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　　　　　　) | Cause No. 1:20-CV-233-HAB |
| 　　　　　　　　　　　　　　　　　　　　　　　)<br>NORFOLK SOUTHERN CORPORATION, )<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>　　Defendant.　　　　　　　　　　　　　　)  | |

**OPINION AND ORDER**

Plaintiff alleges that he was fired from his position as a railroad engineer because of discrimination towards his claimed disability and in retaliation for asserting his rights under the Americans with Disabilities Act ("ADA"). An essential part of such a claim is suing the entity that qualifies as your employer under the relevant statutes. Despite warnings from Defendant that it was not Plaintiff's employer, made as early as the answer and repeated since, Plaintiff has made no effort to demonstrate that Defendant was his employer or to amend his complaint to name the appropriate entity.

Now before the Court is Defendant's Motion for Summary Judgment (ECF No. 30). In addition to attacking Plaintiff's claim on its merits, Defendant additionally submits that "Norfolk Southern Corporation is an improper defendant in this action and is entitled to summary judgment on this basis alone." (ECF No. 31 at 1, n.1). As he has with Defendant's other denials that it was Plaintiff's employer, Plaintiff has chosen to ignore this argument. He has done so at his own peril. Because this Court finds that Plaintiff has failed to designate any evidence suggesting, much less proving, that he has sued his employer, the Court will enter summary judgment in Defendant's favor.

A.     **Procedural and Factual Background**

Plaintiff was hired by Norfolk Southern Railway Company ("NSRC") in 2003. (ECF No. 31-2 at 5). NSRC, a separate legal entity that operates the rail line, is a wholly owned subsidiary of Defendant. (ECF No. 13). In the very first sentence of its Answer (ECF No. 12), Defendant asserted that it was not the properly named Defendant.

> Norfolk Southern Corporation ("NSC") denies it is the properly named Defendant. Norfolk Southern Railway Company ("Norfolk Southern") is the proper party in this action. Norfolk Southern is the operating subsidiary of NSC, and it is a separate legal entity which operates the rail line.

(*Id*. at 1). Defendant would continue to assert that NSRC was the proper defendant in multiple filings. (*See* ECF Nos. 28, 31, 39, 40). Plaintiff has made no response, legal or factual, to Defendant's repeated protestations.

B.     **Legal Analysis**

1.     ***Summary Judgment Standard***

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Additionally, a court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

**2.      *Defendant is not Liable to Plaintiff under the ADA***

The ADA prohibits discrimination and retaliation by employers. *See* 42 U.S.C. § 12111; *Povey v. City of Jeffersonville, Ind.*, 697 F.3d 619, 624 (7th Cir. 2012); *Christner v. American Eagle Airlines, Inc.*, 2003 WL 21267105 at *3 (N.D. Ill. May 30, 2003). Where, as here, it is undisputed that a plaintiff was employed by a corporate subsidiary, the parent can only be held liable as set forth in *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 940–42 (7th Cir. 1999). Relevant to this case, *Papa* instructs that Defendant could be liable where the elements for piercing the corporate veil are present or where Defendant directed the discriminatory act, practice, or policy of which the employee of its subsidiary was complaining. *Id*.

There is no evidence in the record regarding either *Papa* scenario because Plaintiff, as he has done throughout this litigation, simply ignored the employer issue in his summary judgment briefing. What the Court is left with, then, is a suit against a non-employer, with no other theory of liability argued or established. This leaves only one option.

## C. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 30) is GRANTED. The Clerk is DIRECTED to enter judgment in favor of Defendant and against Plaintiff.

SO ORDERED on June 15, 2021.

                                          s/ Holly A. Brady
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT