# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| TERRY PADGETT, | ) |
|     Plaintiff, | ) |
| v. | )   Cause No. 1:20-CV-233-HAB |
| NORFOLK SOUTHERN CORPORATION, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

From its answer to its motion for summary judgment, Defendant repeatedly, and consistently, warned Plaintiff that he had sued the wrong entity. For reasons known only to Plaintiff, he repeatedly, and consistently, refused to heed those warnings. Now that summary judgment has been entered against him, Plaintiff wants a do-over. But Plaintiff has not shown that the entry of summary judgment was legally flawed or that it caused manifest injustice. As a result, his motion to reconsider is denied.

**I.    Background**

As the caption establishes, Plaintiff sued alleging discrimination and retaliation under the Americans with Disabilities Act ("ADA") against Norfolk Southern Corporation ("NSC"). In the first sentence of its answer, NSC asserted:

> Norfolk Southern Corporation ("NSC") denies it is the properly named Defendant. Norfolk Southern Railway Company ("Norfolk Southern") is the proper party in this action. Norfolk Southern is the operating subsidiary of NSC, and it is a separate legal entity which operates the rail line.

(ECF No. 12 at 1). Defendant reiterated this position in response to paragraph 6 of Plaintiff's complaint, alleging that Defendant was his employer, stating, "Norfolk Southern [Railway Company] admits that it was Plaintiff's employer and, accordingly, is the only properly named

Defendant." (*Id*. at 2–3). Defendant beat the same drum in multiple filings. (*See* ECF Nos. 28, 31, 39, 40).

This takes us to Defendant's summary judgment brief. In a footnote on the first page, Defendant wrote:

> Despite Norfolk Southern's attempts to have Plaintiff cure the deficient pleadings, Norfolk Southern has been improperly identified by Plaintiff as "Norfolk Southern Corporation" throughout this litigation. Norfolk Southern Corporation is a publicly-traded holding company. *See* ECF No. 13. Norfolk Southern Railway Company is a wholly owned subsidiary of Norfolk Southern Corporation. *Id*. The ADA only covers an "employer," and Norfolk Southern Railway Company, not Norfolk Southern Corporation, was Plaintiff's employer. *See* 42 U.S.C. § 12111. As such, Norfolk Southern Corporation is an improper defendant in this action and is entitled to summary judgment on this basis alone. *See e.g.*, *Pitts v. Elkhart County*, 2007 U.S. Dist. LEXIS 82198 (N.D. Ind. Nov. 2, 2007).

(ECF No. 31 at 1, n.1). Defendant repeated this argument in a footnote in its reply brief, again stating:

> Despite Norfolk Southern's attempts to have Plaintiff cure his deficient pleadings, Norfolk Southern continues to be improperly identified by Plaintiff as "Norfolk Southern Corporation" in these proceedings. Norfolk Southern Corporation is not Plaintiff's employer. *See* ECF No. 13. Norfolk Southern Railway Company is Plaintiff's employer. *Id*.

(ECF No. 40 at 1, n.1).

This Court entered its Opinion and Order on Defendant's motion for summary judgment on June 15, 2021. (ECF No. 41). Noting the repeated representations set forth above, the Court found:

> There is no evidence in the record regarding either *Papa* [*v. Katy Indus., Inc.*, 166 F.3d 937, 940–42 (7th Cir. 1999)] scenario because Plaintiff, as he has done throughout this litigation, simply ignored the employer issue in his summary judgment briefing. What the Court is left with, then, is a suit against a non-employer, with no other theory of liability argued or established. This leaves only one option.

Thus, summary judgment was entered in Defendant's favor.

**II.	Legal Analysis**

**A.	*Standard of Review***

Plaintiff moves for relief under Fed. R. Civ. P. 59(e). The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier. *Id*.

**B.	*Plaintiff has not Shown a Manifest Error of Law***

Plaintiff identifies no newly discovered evidence, so the Court will proceed under a manifest error analysis. The thrust of Plaintiff's argument appears to be that he was entitled to "notice and a reasonable time to respond" under Fed. R. Civ. P. 56(f) because, he asserts, the employer issue was "not raised by the parties." (ECF No. 45 at 5).

But didn't Defendant repeatedly raise the employer issue, including in its summary judgment brief? It did, but not in a way that Plaintiff feels was sufficient. Because the argument was presented in a footnote, Plaintiff asserts that it was waived. The Court disagrees.

Words put in a footnote do not magically disappear from the record. For this reason, the Seventh Circuit has not disavowed footnotes generally, but only "undeveloped" or "unsupported" footnotes. *See*, *e.g.*, *Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013) ("We have often said that a party can waive an argument by presenting it only in an undeveloped footnote."). The problem for Plaintiff is that the employer issue was neither undeveloped nor presented only in a footnote. The latter point has been discussed *ad nauseam* above. The former is easily shown. Contrary to Plaintiff's assertion, Defendant's footnote *does* cite the record, directing the Court to its Corporate Disclosure Statement (ECF No. 13). The footnote cites to statutory authority (42 U.S.C. § 12111) and caselaw (*Pitts v. Elkhart Cnty.*, 2007 U.S. Dist. LEXIS 82198 (N.D. Ind. Nov. 2, 2007)). On a point as basic as this, no more development was needed.

In another attempt to extricate himself from the plain language in the record, Plaintiff asserts that Defendant did not "cite to any precedent supporting its argument that the case should be dismissed because the Defendant was misnamed. Rather, defendant cites to case law concerning the piercing of the corporate veil." (ECF No. 45 at 4). Plaintiff could have only reached this conclusion by failing to read, or even skim, the case cited by Defendant.

In *Pitts*, Elkhart County claimed on summary judgment that it could not be liable to the plaintiff under Title VII because the Elkhart County Sheriff, not the county, was the plaintiff's employer. Judge Miller agreed, holding in part:

> Elkhart County argues that the same principles leading the *Argandona* [*v. Lake County Sheriff's Dept.*, 2007 WL 518799 (N.D. Ind. Feb. 13, 2007)] court to its holding apply to Title VII liability. Title VII only covers an "employer," and the Sheriff, not Elkhart County, was Ms. Pitts' employer. The Sheriff of Elkhart County

4

> has the statutory duty to run the county jail. Elkhart County argues that part of the Sheriff's responsibility to run the jail necessarily includes control over the corrections officers that staff the jail. This control is shown by Sheriff Books' having made the ultimate decision to terminate Ms. Pitts' employment after an internal affairs investigation conducted within the Sheriff's Department. Elkhart County also points to Ms. Pitts' EEOC charge where she only named the Elkhart County Sheriff's Department as her employer as support for this contention. For these reasons, Elkhart County argues that Ms. Pitts' claim is rightly against the Sheriff's Department and her claim against Elkhart County should be dismissed.
>
> The court agrees that the *Argandona* analysis applies here. The Elkhart Sheriff's Department is its own entity established by the state constitution. The Sheriff of Elkhart County is responsible for running the local jail. The investigation into Ms. Pitts' alleged improper conduct and subsequent termination decision were handled within the confines of the Sheriff's Department with no input from Elkhart County. Elkhart County is an improper defendant in this action and is entitled to summary judgment on this basis.

*Pitts*, 2007 WL 3256663, at *4. (citations omitted). This is not a discussion of piercing the corporate veil. Instead, it is a direct, on-point authority granting summary judgment when a plaintiff pursued a workplace discrimination claim against a non-employer.

Indeed, if there was any confusion in the record about Plaintiff's employer, it was attributable solely to Plaintiff's failure to read Defendant's filings. Plaintiff insists that Norfolk Southern admitted it was Plaintiff's employer in the answer. Yet "Norfolk Southern" was defined in the opening paragraph of the answer as Norfolk Southern Railway Company. (ECF No. 12 at 1). Similarly, Plaintiff now points to Defendant's interrogatory responses where, again, he asserts that NSC admitted to being his employer. Those responses do say that "Plaintiff was employed by Defendant from May 12, 2003, through August 20, 2019," but "Defendant" is defined in the opening paragraph of the response as Norfolk Southern Railway Company, not NSC. (ECF No. 45-1 at 1). These are not examples of "circuitous language semantics" as Plaintiff claims. (ECF No. 45 at 6). They are, instead, appropriate uses of naming conventions that are not hard to follow.

The very examples used by Plaintiff, then, prove the repeated attempts by Defendant to identify Plaintiff's true employer.

Contrary to Plaintiff's protestations, Defendant repeatedly, and sufficiently, raised the legal issue that it was not his employer. It did so in its answer, its discovery responses, and its summary judgment brief. Plaintiff, then, had all the notice and time to respond to which he was entitled. In the face of these repeated challenges to a necessary element of his claim, Plaintiff did nothing. This is not a case, then, when the Court exhibited a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto*, 224 F.3d at 606. Instead, the Court properly entered summary judgment. There is no basis to alter or amend the judgment in this case, and Plaintiff's request that the Court do so is denied.

### C. *Plaintiff is not Entitled to Amend his Complaint*

As a fallback argument, Plaintiff argues that "the Court should allow Padgett to amend the complaint to address the harmless error." (ECF No. 45 at 8). Plaintiff then cites the well-trodden authorities directing courts to "freely" grant leave to amend "when justice so requires." Ignoring, for a moment, Plaintiff's reference to his failure to properly name his employer in an employment discrimination case and refusing to correct his mistake despite repeated warnings as "harmless error," this argument puts the cart before a stillborn horse.

If a plaintiff wishes to amend the complaint pursuant to Fed. R. Civ. P. 15(a) following the entry of judgment, he or she may do so "only with leave of the court after a motion under Rule 59(e) or 60(b) . . . has been made and the judgment has been set aside or vacated." *Figgie Int'l Inc. v. Miller*, 966 F.2d 1178, 1179 (7th Cir.1992). Here, for the reasons set forth above, the Court will not set aside or vacate the judgment. Thus, Plaintiff cannot avail himself of the lenient amendment

rules of Rule 15. Instead, because judgment has been entered, there is no pending complaint to amend. *Pena v. Mattox*, 84 F.3d 894, 903 (7th Cir. 1996).

**III.     Conclusion**

For these reasons, Plaintiff's Rule 59 Motion to Reconsider Order Granting Defendant's Motion for Summary Judgment (ECF No. 45) is DENIED.

SO ORDERED on July 14, 2021.

s/ Holly A. Brady<br>
JUDGE HOLLY A. BRADY<br>
UNITED STATES DISTRICT COURT