UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TERRY PADGETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-CV-233-HAB |
| | ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff has had summary judgment entered against him twice. The first, based upon his failure to sue his employer in an employment discrimination case, was reversed by the Seventh Circuit. The second was not appealed. Following both entries of judgment, Defendant filed a bill of costs and, in turn, costs were taxed. (ECF Nos. 43, 44, 65, 66). Plaintiff did not object to the first taxing of costs, but now objects to the second. (ECF No. 67). Defendant has responded (ECF No. 68), and the time for Plaintiff to reply has expired. The matter is now ripe for ruling.

Federal Rule of Civil Procedure 54(d) provides for the taxing of costs in favor of a prevailing party. The Rule provides, in pertinent part:

> ***Costs Other Than Attorney's Fees***. Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1). A party who fails to challenge the imposition of costs within Rule 54's time limit has waived any objection to those costs. *Lauth v. Covance, Inc.*, 863 F.3d 708, 718 (7th Cir. 2017).

The timeframes in this case doom Plaintiff's objection. As Defendant correctly notes, all the entries that Plaintiff challenges in the November 2022 bill of costs were contained in the bill of costs filed in June 2021. (*Cf.* ECF Nos. 43, 67). The objection filed in November 2022, then, was almost 18 months too late. The Court finds that Plaintiff's objections have been waived.

The Court recognizes that the intervening, successful appeal muddies the waiver waters to some extent. One could argue that, when Plaintiff won his appeal of the first summary judgment order, his duty to object to the preceding bill of costs was eliminated.[1] But Plaintiff does not make this argument; indeed, he made no response at all to Defendant's waiver argument. The Court need not, and will not, make arguments for Plaintiff that he did not see fit to raise. *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) (A court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel.").

For these reasons, Plaintiff's objection to Defendant's bill of costs (ECF No. 67) is OVERRULED.

SO ORDERED on January 11, 2023.

    s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] This is not to say the Court is convinced that such an argument would be successful. Plaintiff could have, but did not, move to stay the taxing of costs pending the outcome of the appeal. *Bell v. Columbia St. Mary's Inc.*, No. 07-CV-81, 2009 WL 499058, at *1 (E.D. Wis. Feb. 26, 2009). Moreover, the Supreme Court has repeatedly stated that the taxing of costs is "wholly collateral" to a judgment on the merits. *See, e.g.*, *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 269 (1988).